MORT L. BIXLER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 936. Promulgated January 26, 1927.

The facts in this proceeding fail to establish that amounts expended for railroad fare, meals, lodging, and laundry are ordinary and necessary expenses paid or incurred in carrying on a trade or business, within the purview of section 214 (a) (1) of the Revenue Act of 1921.

*Mort L. Bixler* pro se.
*Henry Ravenel, Esq.*, for the respondent.

The Commissioner determined a deficiency of $40.31 for the calendar year 1922, which the petitioner claims was erroneous for the reason that he was not allowed a deduction of $1,068 expended for railroad fare, lodging, meals and laundry.

### FINDINGS OF FACT.

During the year 1922 petitioner maintained a residence at Mobile, Ala., at which place his family remained throughout the year. It was and had been his practice to obtain contracts for the organization and management of state and municipal fairs and expositions, that is to say, he sought employment by the officers or committee in charge of a particular state or municipal fair or exposition, as manager, at the best salary he could obtain. The terms and conditions of petitioner's employment were embodied in a contract between such officers or committee and himself, and covered the period during which the fair or exposition was to be held. Prior to 1922 the contracts of employment usually covered a period of one year. During the year 1922 he was paid a fixed salary, and upon entering upon the discharge of the duties of his employment he remained at his post of duty at the place where the fair or exposition was being held. He paid his railroad fare in traveling from Mobile, where his family resided, to the point of his employment, as well as his personal living expenses while there. When his contract of employment to manage a fair ended, or in the event of his resignation, petitioner sought employment as manager of a fair or exposition in some other State or municipality.

Throughout the year 1921, and on April 15, 1922, petitioner was in the employ of the Florida Parishes Fair, at Hammond, La., at a fixed salary of $3,000 per annum. While he was so employed he made two or three trips to visit his family in Mobile. Shortly prior to April 15, 1922, he learned that the Houston Fair and Exposition at Houston, Tex., was desirous of obtaining the services of someone, whereupon he went from Hammond to Houston to investigate the matter and to confer with those in charge of the fair with the view of being employed by them. As a result of the conference, a contract was entered into between the parties under the terms of which petitioner was employed at a fixed salary of $5,000 per annum. Petitioner immediately returned to Hammond, resigned his position as manager of the fair at that point on April 15, 1922, and forthwith proceeded to Houston and entered upon the discharge of his duties at that place. While at Houston petitioner paid his own living expenses. On one occasion he went to Mobile to visit his family. His contract of employment with the Houston Fair ended December 15, 1922, at which time petitioner returned to his home in Mobile.

During the year 1922 petitioner was conducting no business at Mobile, Ala. During the entire year 1923 he was in the employ of the Gulf States Fair at Mobile, Ala.

During the year 1922 petitioner expended $1,068 for railroad fare, lodging, meals, and laundry. Of this amount $191 was for railroad fare in going from Hammond to Houston and return in connection with obtaining employment; Hammond to Houston to enter upon his new employment; Houston to Mobile to visit his family and return, and from Houston to Mobile upon the completion of his work for the Houston Fair. The remainder of the $1,068, or $877, represented the amount expended for meals and laundry while employed at Hammond, and lodging, meals, and laundry at Houston. Petitioner was not reimbursed by his employers for these expenses.

OPINION.

LITTLETON: Petitioner claims that the amount of $1,068 was expended in the pursuit of a trade or business and was a proper deduction from his gross income for the year 1922. He did not carry on or conduct any trade or business during the year 1922 at Mobile, Ala., his permanent place of abode. He claims, therefore, that amounts expended for railroad fare, meals, lodging, and laundry were deductible as expenditures " while away from home in the pursuit of a trade or business." Section 214 (a) (1) of the Revenue Act of 1921 provides:

(a) That in computing net income there shall be allowed as deductions:

(1) All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered; traveling expenses (including the entire amount expended for meals and lodging) while away from home in the pursuit of a trade or business; and rentals or other payments required to be made as a condition to the continued use or possession, for purposes of the trade or business, of property to which the taxpayer has not taken or is not taking title or in which he has no equity.

Section 215 (a) (1) of this Act provides:

(a) That in computing net income no deduction shall in any case be allowed in respect of—

(1) Personal, living, or family expenses.

We think the Commissioner in this case correctly held that railroad fare and living expenses paid out by this petitioner during the year 1922 were not deductible from gross income under the provisions of the above-quoted sections. Section 214 (a) (1) authorizes a deduction only of *ordinary* and *necessary* expenses in carrying on any

trade or business, and in this classification are included salaries paid or incurred and traveling expenses, including meals and lodging while away from home in the pursuit, or carrying on, of such trade or business. In the opinion of the Board, traveling and living expenses are deductible under the provisions of this section only while the taxpayer is away from his place of business, employment, or the post or station at which he is employed, in the prosecution, conduct, and carrying on of a trade or business. A taxpayer may not keep his place of residence at a point where he is not engaged in carrying on a trade or business, as this petitioner testified was true in this instance, and take a deduction from gross income for his living expenses while away from home. We think section 214 (a) (1) intended to allow a taxpayer a deduction of traveling expenses while away from his post of duty or place of employment on duties connected with his employment. During the taxable year this petitioner was not engaged in the carrying on or pursuit of any trade or business at Mobile. A considerable portion of the expenses claimed were incurred by the petitioner in securing employment and in going from his home to such place of employment and return, and we think amounts expended in seeking employment or returning to his domicile after the termination of such employment are not deductible under the statute, nor are the amounts expended in going from his place of employment to visit his family a proper deduction from gross income. For practically one and one-half years petitioner was employed at Hammond, La. He was not required to travel in connection with his position as manager, but his work required him to remain at Hammond until the period for which he was employed had ended. The same was true in respect to his employment at Houston for nine months. When he was not so employed he was carrying on no trade or business, according to his own testimony. The deduction of amounts expended for railroad fare, meals, and lodging, as ordinary and necessary expenses, depends in each case upon the relation of such expenditures to the trade or business in connection with which they are paid or incurred, and no hard and fast rule can be laid down to cover all cases. It is the opinion of the Board, from the evidence in this proceeding, that the amounts expended by the petitioner fall within the purview of section 215 (a) (1) of the Revenue Act of 1921 and not within the purview of section 214 (a) (1) of that Act, and, therefore, are not deductible from gross income.

*Judgment will be entered for the Commissioner.*