CHARLES E. DUNCAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 24653. Promulgated October 25, 1929.

*Oscar E. Waer, Esq.*, for the petitioner.
*Paul Peyton, Esq.*, for the respondent.

OPINION.

MARQUETTE: The only question presented in this proceeding is whether the petitioner is entitled to deduct the full amount of his expenses as set forth in the findings of fact. The respondent has determined that only one-half the expenses are deductible.

The Revenue Act of 1921, in section 214 (a) (1), provides that there shall be allowed as deductions:

All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, * * * traveling expenses (including the entire amount expended for meals and lodging) while away from home in the pursuit of the trade or business.

Section 215 (a) (1) of the same Act prohibits any deduction " in respect of personal, living, or family expenses."

The evidence clearly shows that the petitioner did not maintain any permanent place of business during the years 1922 and 1923. He visited various cities, from Denver to Atlanta, New York, and New England; from the Great Lakes to points in Texas. And wherever he stopped, there his headquarters were for the time being.

Concerning his residence, which he alleges was in Buffalo, the petitioner testified thus:

Q. In 1922 and 1923 did you have a home in Chicago?
A. No, sir.
Q. What was your home address at that time?
A. As stated, Mrs. Duncan spent six or seven months a year at Excelsior Springs and I really had no headquarters myself except the time she was back in Buffalo when I would come there and use that as headquarters the same as if I worked there, working out of headquarters there the same as I worked out of headquarters at Chicago or some other point over a period of time.
Q. Did you maintain a home at Buffalo?
A. Only for Mrs. Duncan when she was there.
Q. Where was that home?
A. At Lafayette Hotel.
Q. Did you maintain an apartment there the year around?
A. No, sir.
Q. You merely rented a room?
A. Yes, sir.
Q. When Mrs. Duncan was in the city?
A. Yes, sir.
Q. Did you occupy that room with her in Buffalo?
A. When I would go there I would probably change to the quarters she had, and at times I would also have a separate room.
Q. At times you would also occupy the same room?
A. Yes, sir.

This evidence is not sufficient, in our opinion, to establish the fact of a home in Buffalo. But even if that fact were established, it is clear from the statute that the petitioner could not deduct his expenditures for meals, lodging, and the like, while he was in that city; and as he offers no evidence to show what part of his time was spent in Buffalo we would have no basis on which to compute deductions other than those which the respondent has already allowed.

A similar question arose in *Mort L. Bixler*, 5 B. T. A. 1181, where it appeared that the taxpayer resided in Mobile, Ala., carried on no trade or business there, but was employed on a salary to conduct fairs and expositions in various places. In disallowing the claim that his

expenses while away from home were deductible as business expenses under the 1921 Revenue Act, this Board said:

> In the opinion of the Board, traveling and living expenses are deductible under the provisions of this section only while the taxpayer is away from his place of business, employment, or the post or station at which he is employed, in the prosecution, conduct, and carrying on of a trade or business. A taxpayer may not keep his place of residence at a point where he is not engaged in carrying on a trade or business, as this petitioner testified was true in this instance, and take a deduction from gross income for his living expenses while away from home. We think section 214 (a) (1) intended to allow a taxpayer a deduction of travaling expenses while away from his post of duty or place of employment on duties connected with his employment.

The language quoted is very applicable to the present proceeding. While it may be said that the petitioner's " trade or business " consisted entirely of selling goods in various parts of the country, it is also true that he had no definite post of employment, or place of business. He seeks to deduct all of his expenses for meals, lodging, laundry, and the like, for the entire period of both taxable years. In the light of the decision quoted above, and under the statute, such expenses are not deductible. They can not be considered as expenses incurred in carrying on a trade or business, in view of the distinction drawn by the sections of the statute which we have quoted. And the evidence is not sufficient to justify classing them as traveling expenses *while away from home.* The words which we have emphasized were not placed aimlessly in the statute, but they have a definite purpose which is readily discernible when they are read in connection with section 215 (a) (1) of the Revenue Act of 1921. That purpose is to allow deductions for expenses necessarily incident to carrying on one's trade or business, and only including meals and lodging when that trade or business requires the taxpayer to be away from his home or usual place of business. But in our opinion the Congress did not intend to allow as deductions all the year's expenses for meals, lodging, laundry, etc., incurred by a taxpayer who maintained no permanent home, no definite headquarters; who traveled on a roving commission, with headquarters wherever he happened to be. This same question was again considered by this Board in *Chester D. Griesemer,* 10 B. T. A. 386. In that case Griesemer lived in Paris for three years, looking after the interests of his business firm. While there he rented an apartment and employed a cook and housekeeper. He also maintained his home in Brooklyn where his mother and sister lived and were supported by him. It was there decided that Griesemer might properly deduct such of his living expenses in Paris as he had substantiated by proof. In that connection the following language appears:

> We are convinced that the terms "personal, living, or family expenses" referred to in section 215, *supra,* were intended by the Congress to be applied

in the ordinarily accepted sense of those words and not in the broad and sweeping sense in which the respondent is seeking to apply them. Simply because the amounts in question happen to be " living " expenses in a strict sense does not prevent them from being deductible if they are ordinary and necessary and are shown to have been incurred in carrying on his trade or business and are clearly in addition to his living expenses at the usual place of abode which he maintains for his mother and sister. The Congress undoubtedly intended that the taxpayer's personal expenditures in maintaining his usual place of abode should not be deducted, but that all expenditures made by the taxpayer in addition to those amounts if incurred in carrying on a trade or business should be deducted in determining net income.

While we are in accord with the principle thus stated, it can not avail the present petitioner as he has not shown that his personal living expenses, because of his business as a salesman, were in excess of those ordinarily required when not engaged in such business.

Some of the expenses claimed as deductions, such as entertainment of customers, long-distance telephone charges, railway and Pullman fares, and items of similar character, doubtless should be allowed as business expense. The respondent has determined that one-half the amounts claimed as deductions on account of expenses may be properly allowed. The evidence presented is not sufficient to overcome the presumption that such determination is correct.

*Judgment will be entered for the respondent.*