GEORGE W. LINDSAY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 81768. Promulgated July 30, 1936.

*Irving L. Bruns, Esq.,* for the petitioner.
*T. G. Histon, Esq.,* for the respondent.

OPINION.

LEECH: The petitioner asks a redetermination of a deficiency in income tax of $130.35 for the year 1932. Petitioner was a member of Congress during the taxable year and claimed deductions for his hotel expenses while in Washington and railroad expenses for trips between Washington, D. C., and Brooklyn, New York, during sessions of Congress. The respondent disallowed these deductions. Petitioner assigns this disallowance as error.

The facts were stipulated as follows:

1. That the petitioner was a member of the United States House of Representatives during the taxable year 1932 and during part of that year stopped at the Raleigh Hotel, Washington, D. C., while away from his residence in Brooklyn, New York City, on official business;

2. That the aggregate amount of expenditures for meals and lodging of the petitioner while actually away from home in pursuit of his vocation and while in Washington, D. C., in connection with his duties as a member of the United States House of Representatives, was $1,087.04;

3. That the petitioner expended an aggregate amount of $550, consisting of railroad fares between his home in Brooklyn, New York City, and Washington, D. C., while in pursuit of his vocation;

4. The sole vocation or business of the petitioner during the taxable year 1932 was membership in the United States House of Representatives [and] as a Democratic State Committeeman in the State of New York. The sole income of the petitioner consisted of his salary as representative and he received no remuneration for his services as State Committeeman.

5. None of the expenditures for meals, lodging, and railroad fares in amount of $1,637.04, referred to heretofore, were made in connection with his duties as State Committeeman, but were all in connection with his duties as a member of the United States House of Representatives, and the expenditures were all made in Washington, D. C., and in traveling from Brooklyn, New York City, to Washington, D. C.

6. No part of the expenditures made by the petitioner for lodging, meals and railroad fares has been reimbursed to the petitioner, except $94.00 railroad fare allowed by the United States Government, and which has been deducted from the total expenditures in the petitioner's income tax return for the taxable year 1932.

7. That the necessity of the petitioner traveling to and from his home in New York City was for the purpose of receiving visits from his constituency in connection with official affairs and for the purpose of visiting his constituents in their places of assemblage. Most of his constituents were unable to expend the money or the time from their earning activities necessarily entailed in visits to their Congressman in Washington, D. C. It was also necessary for the petitioner to return to his residence periodically for the purpose of conferring with public officials in connection with his official duties and in securing necessary information and data pertinent to official matters pending before the Congress of the United States. These contacts with his constituents were necessary and mandatory for the election and re-election of the petitioner to the office of Congressman, which represented the source of his income during the year 1932 and in fulfillment of the petitioner's obligations to his electors.

The Revenue Act of 1932 in section 23 (a) provides:

In computing net income there shall be allowed as deductions:

(a) EXPENSES.—All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered; traveling expenses (including the entire amount expended for meals and lodging) while away from home in the pursuit of a trade or business; and rentals or other payments required to be made as a condition to the continued use or possession, for purposes of the trade or business, of property to which the taxpayer has not taken or is not taking title or in which he has no equity.

It will be observed that in order to be deductible the expense must be ordinary and necessary in carrying on the trade or business of the taxpayer, and in the case of traveling expenses, including meals and lodging, they must be incurred or paid while away from home in pursuit of trade or business.

It would be useless to review the many decisions on the subject of traveling expenses and subsistence while on business trips, but clearly, the object of section 23 (a) is to allow such deductions only when the taxpayer is away from home on a business trip. It was never intended to allow deductions for ordinary living expenses, or traveling expenses for trips of a personal nature.

In *Mort L. Bixler*, 5 B. T. A. 1181, the taxpayer and his family lived in Mobile, Alabama, but his business during part of the year was in Hammond, Louisiana, and during the remainder of the year in Houston, Texas. He claimed deductions for traveling expenses for several trips to Mobile and for living expenses while away from Mobile. The Revenue Act of 1921, section 214 (a) (1), was controlling, which, for present purposes, is substantially similar to the quoted provision disposing of the pending question. In denying the deductions this Board said in part:

We think the Commissioner in this case correctly held that railroad fare and living expenses paid out by this petitioner during the year 1922 were not deductible from gross income under the provisions of the above-quoted sections. Section 214 (a) (1) authorizes a deduction only of *ordinary* and *necessary* expenses in carrying on any trade or business, and in this classification are included salaries paid or incurred and traveling expenses, including meals and lodging while away from home in the pursuit, or carrying on, of such trade or business. In the opinion of the Board, traveling and living expenses are deductible under the provisions of this section only while the taxpayer is away from his place of business, employment, or the post or station at which he is employed, in the prosecution, conduct, and carrying on of a trade or business. A taxpayer may not keep his place of residence at a point where he is not engaged in carrying on a trade or business, as this petitioner testified was true in this instance, and take a deduction from gross income for his living expenses while away from home. We think section 214 (a) (1) intended to allow a taxpayer a deduction of traveling expenses while away from his post of duty or place of employment on duties connected with his employment. * * *

To the same effect, see *Charles E. Duncan*, 17 B. T. A. 1088; affirmed without opinion, 47 Fed. (2d) 1082.

Since "home" as used in the quoted applicable act thus means business location, post, or station, what is the business location, post, or station of a Congressman?

4 U. S. C. A., sections 6 and 7, are as follows:

6. * * * All that part of the territory of the United States included within the present limits of the District of Columbia shall be the permanent seat of government of the United States.

7. * * * All offices attached to the seat of government shall be exercised in the District of Columbia, and not elsewhere, except as otherwise expressly provided by law.

From those provisions, we conclude that, at least, unless otherwise properly authorized, which authorization is not established here, the business of a Congressman is to be performed at the seat of government. Thus, that was petitioner's "home", within the meaning of the controlling statutory provision. It follows that the living expenses of petitioner while attending a session of Congress are personal and are, therefore, not deductible. Revenue Act of 1932, sec. 24 (a) (1).

Relative to the deduction of the traveling expenses, we think the stipulation discloses that the trips between Washington and Brooklyn were not a part of petitioner's official duties as a Congressman. He was merely keeping in touch with his constituents. The picture presented is colored by paragraph 7 of the stipulation of facts. That paragraph states: "These contacts with his constituents were necessary and mandatory for the election and re-election of the petitioner to the office of Congressman, which represented the source of his income during the year 1932." It would seem these trips were made for personal purposes not in pursuit of trade or business and the expenses therefor are not deductible. Revenue Act of 1932, sec. 24 (a) (1). They were in the nature of campaign expenses, which are not deductible. *David A. Reed*, 13 B. T. A. 513.

The Government allows each member of Congress a mileage allowance of 20 cents per mile going to and returning from each session of Congress, which was allowed and paid the petitioner.

But, even assuming that paragraph 7 of the stipulation does include traveling expenses paid by petitioner in connection with his official duties as Congressman, the same stipulation reveals that a part, at least, of the traveling expenses in question was expended "for the purpose of visiting his constituents in their places of assembly." Obviously, the latter expense is personal, not official, and not deductible. *David A. Reed*, supra. Since the traveling expenses in connection with petitioner's official and personal trips to Brooklyn are not segregated, the petitioner has failed to sustain

his burden of proof in establishing the amount of any deduction to which he might be entitled under the statute. This is his burden. *New Colonial Ice Co.* v. *Commissioner*, 292 U. S. 435. Nor is there any basis in the record for approximating such item. See *Cohan* v. *Commissioner*, 39 Fed. (2d) 540.

The cases of *Walter F. Brown*, 13 B. T. A. 832, and *Joseph W. Powell*, 34 B. T. A. 655, are distinguishable here upon the facts.

In both of those cases the expenses allowed the taxpayer were incurred "in pursuit of trade or business."

Here it is expressly stipulated that the only business of petitioner, in connection with which the questioned expenses were paid, was that of Congressman. It may well be that Congress could have authorized the performance of official duties of the petitioner, outside of Washington, but, so far as disclosed by this record, that business here was exclusively in Washington, the seat of government. 4 U. S. C. A., secs 6 and 7 (*supra*). And, if that barrier to the deduction were passed, petitioner fails here upon an absence of proof.

We conclude that the respondent was right in determining the deficiency.

Reviewed by the Board.

*Decision will be entered for the respondent.*

SMITH dissents.

---

McMAHON, concurring: I agree with the result reached by the majority. Whether and to what extent deductions shall be allowed depends upon legislative grace; and only as there is clear provision therefor can a particular deduction be allowed. *New Colonial Ice Co.* v. *Helvering*, 292 U. S. 435; *Helvering* v. *Inter-Mountain Life Insurance Co.*, 294 U. S. 686; and *Lindley* v. *Commissioner*, 2 Fed. Supp. 807. If there is any ambiguity or doubt as to whether Congress intended to permit a particular deduction, the rule that ambiguities are to be resolved in favor of taxpayers does not apply. *Helvering* v. *Inter-Mountain Life Insurance Co.*, *supra*. The most favorable view, from the standpoint of the petitioner, that can be correctly taken is that it is, at best, doubtful, in view of all the facts and circumstances here presented, whether Congress intended by the provisions of section 23 (a) of the Revenue Act of 1932 to permit deductions of the character here sought by the petitioner; and, as stated, such doubt may not be resolved in favor of the petitioner. There are no other statutory provisions which permit such deductions. There are none that require them. The better view is that, taking into consideration all statutory provisions that throw any light upon the subject, Congress did not intend to permit

the deduction of any of the expenses involved in the instant proceeding. Questions of policy touching subjects of this character are reserved to Congress; and the wisdom, from the standpoint of sound public policy, of a policy which would open the door to deductions of the types in question here is, at best, so questionable that I am constrained to conclude that Congress never intended to give its sanction to such a policy. Statutory construction should lead to a sound result rather than a questionable one. It is to be presumed that the former was intended rather than the latter. Hence, none of the claimed deductions are allowable.