Milton Mittenthal v. Commissioner.
Mittenthal v. Commissioner
Docket No. 110791.
United States Tax Court
1942 Tax Ct. Memo LEXIS 65; 1 T.C.M. (CCH) 156; T.C.M. (RIA) 42624; November 30, 1942
*65 In the year 1940 petitioner was the sales representative of several furniture manufacturing corporations in the States of Michigan and northern Ohio, and the City of Buffalo, New York. He worked on a commission basis and paid his own expenses. He travelled by automobile most of the time, but by train to attend the Chicago Furniture Mart four times a year. He kept no detailed account of his expenses and claimed a deduction on his income tax return as business expenses of $5,955.50. The Commissioner allowed $2,212.55 of this amount and disallowed the balance of $3,742.95 on the ground that petitioner had not furnished data or records to substantiate it. Held, on the evidence petitioner expended in 1940 $3,779.49 for business purposes and this amount should be allowed him as a deduction under section 22(a), Internal Revenue Code, instead of the $5,955.50 which he claimed on his return and the $2,212.55 which the Commissioner allowed in his determination of the deficiency. Elorion Plante, C.P.A., 1407 Washington Blvd. Bldg., Detroit, Mich., for the petitioner. Melvin S. Huffaker, Esq., for the respondent. BLACK Memorandum Findings of Fact and Opinion The Commissioner has determined a *66 deficiency in petitioner's income tax for the year 1940 of $272.12. This deficiency is due to one adjustment which the Commissioner made in the income tax return filed by petitioner for that year. This adjustment was as follows: Unallowable Deduction and Additional Income: (a) Commissions (traveling expenses) $3,742.95 The Commissioner explained the above adjustment in his deficiency notice as follows: (a) Deduction was claimed for travel and other expenses in amount of $5,955.50 in connection with commission income. In the absence of data or records to support the deduction, $2.212.55 is considered a reasonable allowance for such expenses incurred solely for business purposes. See Section 19.23(a)-2 of income tax Regulations 103. The petitioner by an appropriate assignment of error contests the correctness of respondent's action in making the above adjustment. Findings of Fact Petitioner is an individual who resides at 19185 Warrington Drive, Detroit, Michigan. For the taxable year he filed his income tax return with the Collector of Internal Revenue for the District of Michigan. The petitioner is a furniture salesman who represents several furniture manufacturers and his *67 compensation consists entirely of commissions based on sales made by him. Among the furniture manufacturers whom he represents are the Hooker Bassett Furniture Company of Martinsville, Virginia; the Camden Furniture Company of Camden, Arkansas; and the McCoy Couch Company of Benton, Arkansas. The petitioner sells to customers in Michigan and northern Ohio, and also to customers in the City of Buffalo, New York. He covers his territory in Michigan and Ohio about every thirty days and goes to Buffalo, New York, four times a year. He travels for the most part by automobile. He is generally away from his home in Detroit on these trips from Monday morning until Friday night or Saturday morning. His trips to Buffalo, New York, usually require a longer time. In 1940 petitioner spent 148 days travelling through his territory and calling on his trade outside of the City of Detroit, where he lived. He paid his own expenses on these trips and was not reimbursed for these expenses by the companies for which he sold furniture. During the year 1940 he spent about 100 days in the City of Detroit calling on the trade there. Furniture marts are held in the City of Chicago, Illinois, four times *68 a year in January, May, July and the latter part of October or the first part of November. Petitioner spent about six weeks of his time in 1940 attending these furniture marts, at which he met his customers and entertained them to some extent and showed them the lines of furniture for which he was salesman, and made sales to them. While attending these furniture marts he stopped part of the time at the Drake Hotel and part of the time at the Edgewater Beach Hotel. He spent 31 days at the Drake Hotel at a cost of $172.38 for lodging and incidental expenses. He stayed 14 days at the Edgewater Beach Hotel at an expense for lodging of $7.00 per day. Railroad fare and Pullman fare for a round trip from Detroit to Chicago was $18.90 and petitioner made four such round trips in 1940. Petitioner is married and has two children, and maintains his home in the City of Detroit, Michigan. In 1940 petitioner's automobile was used five-sixths of the time in carrying on his business as salesman for the furniture companies, and was used one-sixth of the time for his family and personal use. Petitioner kept no records of his expenditures for gasoline used in the operation of his car, nor did he *69 keep records of garage fees paid, or cost of greasing and changing oil, or repair bills paid. He travelled 30,000 miles in 1940 in calling on his trade and estimates he used one gallon of gasoline to every 10 miles of travel. He used Ethyl gasoline in the operation of his car at an average cost of 17 1/2 cents a gallon. He changed oil every 1,000 miles and had his car greased when oil was changed, the total cost being $3.00 for oil and greasing the car each time. He kept no record of hotel bills. The only hotel bill that was offered in evidence was that of the Drake Hotel in Chicago, Illinois, for $172.38. His travelling expenses while away from home consisted of railroad fare, automobile expense, hotel lodging, food, entertainment to customers, laundry and telephone bills. Petitioner's commissions received in payment for his services in selling furniture in 1940 were $8,850, which he reported in his income tax return for that year. Petitioner claimed as a deduction on the return $5,955.50 for business expenses. These expenses were listed in a schedule attached to return as follows: Business Expenses
Auto Expenses - 30,000
miles
Gasoline - 3000 gals. at
17 1/2 $525.00
Oil and grease 30 gals. at
$3.00
90.00
New Tires
62.00
Repairs
75.00
Insurance
60.00
Auto Club Dues
10.00
License
12.25
Parking
48.00
Depreciation (25% of
$1,165.00)
291.25
$1,173.50
Expense at Chicago Market
At Drake Hotel 31 days
at $5.00
$165.00
At Edgewater Beach 14
days at $7.00
98.00
Food - $10.00 per day
450.00
Railroad fares
87.00
Liquor $5.00 per day
225.00
Entertainment
325.00
Cabs, Laundry, Tele-
phone, tips and misc
135.00
1,485.00
Expenses - traveling in
Michigan, Ohio and
New York - 148 days
Hotel, garage, food, inci-
dentals, liquor and en-
tertaining at $16.00 per
day
$2,368.00
Expenses - Detroit terri-
tory, 100 days
Lunches and entertaining
$3.25 per day
$325.00
Long distance calls and
telegrams
160.00
Stenography, mailing cat-
alogues, postage, etc.,
$30.00 per month
360.00
24 Electric Gem Razors
at $3.50 for Xmas
84.00
929.00
$5,955.50
*70 Of the amounts listed above, the amounts expended by petitioner in the year 1940 as ordinary and necessary expenses including travelling expenses while away from his home in pursuance of his trade or business as furniture salesman aggregated $3,779.49. Opinion BLACK, J.: The applicable provision of the statute to this proceeding is section 23 (a) of the Internal Revenue Code. The Commissioner in his deficiency notice relied upon (A)-2 section 19.23 (a)-2 of Income Tax Regulations 103. That section of the Regulations reads in part: Sec. 19.23(a)-2. Traveling expenses. - Traveling expenses, as ordinarily understood, include railroad fares and meals and lodging. If the trip is undertaken for other than business purposes, the railroad fares are personal expenses and the meals and lodging are living expenses. If the trip is solely on business, the reasonable and necessary traveling expenses, including railroad fares, meals, and lodging, are business expenses. (a) If, then, an individual, whose business requires him to travel, receives a salary as full compensation for his services, without reimbursement for traveling expenses, or is employed on a commission basis with no expense allowance, *71 his traveling expenses, including the entire amount expended for meals and lodging, are deductible from gross income. * * * * *
* * * Only such expenses as are reasonable and necessary in the conduct of the business and directly attributable to it may be deducted. A taxpayer claiming the benefit of the deductions referred to herein must attach to his return a statement showing (1) the nature of the business in which engaged; (2) the number of days away from home during the taxable year on account of business; (3) the total amount of expenses incident to meals and lodging while absent from home on business during the taxable year; and (4) the total amount of other expenses incident to travel and claimed as deduction. Claim for the deductions referred to herein must be substantiated, when required by the Commissioner, by evidence showing in detail the amount and nature of the expenses incurred. * * * * *
As has been mentioned in our preliminary statement, petitioner claimed as a deduction on his income tax return filed for the year 1940, an aggregate of $5,955.50 as business expenses for the year 1940. The Commissioner in his determination of the deficiency has allowed $2,212.55 *72 of this amount and has disallowed $3,742.95 of these alleged business expenses and has added the amount back to petitioner's income for the year 1940. This action of the Commissioner is presumed to be correct. Petitioner testified at the hearing and gave considerable detailed information about his business activities in 1940, the nature of his expenditures, estimates as to the different kinds of expenditures, and other pertinent information. It is upon this evidence that we have made our findings of fact. Petitioner concedes that he kept no detailed record of his expenses and the only bill paid by petitioner in 1940 which was introduced in evidence was one from the Drake Hotel of Chicago, Illinois, the amount of which is given in our findings. Petitioner relies upon Cohan v. Commissioner, 39 Fed. (2d) 540. In that case, the court, among other things, said: In the production of his plays Cohan was obliged to be free-handed in entertaining actors, employees, and, as he naively adds, dramatic critics. He had also to travel much, at times with his attorney. These expenses amounted to substantial sums, but he kept no account and probably could not have *73 done so. At the trial before the Board he estimated that he had spent eleven thousand dollars in this fashion during the first six months of 1921, twenty-two thousand dollars, between July first, 1921, and June thirtieth, 1922, and as much for his following fiscal year, fifty-five thousand dollars in all. The Board refused to allow him any part of this, on the ground that it was impossible to tell how much he had in fact spent, in the absence of any items or details. The question is how far this refusal is justified, in view of the finding that he had spent much and that the sums were allowable expenses. Absolute certainty in such matters is usually impossible and is not necessary; the Board should make as close an approximation as it can, bearing heavily if it chooses upon the taxpayer whose inexactitude is of his own making. But to allow nothing at all appears to us inconsistent with saying that something was spent. True, we do not know how many trips Cohan made, nor how large his entertainments were; yet there was obviously some basis for computation, if necessary by drawing upon the Board's personal estimates of the minimum of such expenses. The amount may be trivial and unsatisfactory, *74 but there was basis for some allowance, and it was wrong to refuse any, even though it were the traveling expenses of a single trip. It is not fatal that the result will inevitably be speculative; many important decisions must be such. We think that the Board was in error as to this and must reconsider the evidence. We have carefully considered the evidence which we have before us in this proceeding and have concluded that petitioner should be allowed an aggregate deduction for ordinary and necessary business expenses for the year 1940 of $3,779.49. We think that petitioner's evidence fails to substantiate that he is entitled to the full deduction of $5,955.50 which he claimed on his income tax return. For example, he claimed automobile expenses aggregating $1,173.50 as a deduction. The first two items on this particular list of expenses appear to have been exclusively made while traveling in pursuance of petitioner's business and would be deductible in full. The remainder of this list of expenses should, however, be apportioned five-sixths to business expenses and one-sixth to personal and family expenses. Petitioner's testimony was to the effect that he used the car five-sixths *75 of the time in his business as furniture salesman and one-sixth for personal and family use. Petitioner testified that he did not take into account this latter fact when he filed his income tax return. We have taken this fact into consideration in determining what petitioner should be allowed in 1940 for automobile expenses, including depreciation on car. Another example of an unallowable claimed item of deduction on the return is liquor, $5.00 per day, expended while at the Chicago market, $225. We know nothing in the law or regulations which would make that particular item deductible as an ordinary and necessary business expense. Cf. The Lorraine Corporation, 33 B.T.A. 1158. Another item claimed is "Expenses - Detroit territory, 100 days Lunches and entertaining $3.25 per day $325.00." Petitioner lived in Detroit and the cost of lunches while at home in Detroit would not be deductible even though he was calling on the trade each day while he was there. The cost of his own lunches while he was in Detroit would be his own personal expense. Cf. George W. Lindsay, 34 B.T.A. 840; Mort. L. Bixler, 5 B.T.A. 1181. *76 Another item which we think is clearly excessive is that described in the schedule above given as follows: "Expenses - travelling in Michigan, Ohio and New York - 148 days. Hotel, garage, food, incidentals, liquor and entertaining at $16.00 per day $2,368.00." We are not convinced that petitioner expended $16 per day for the 148 days in question for purposes which the law allows. We have for this reason very substantially reduced this item. Therefore, after eliminating entirely certain items which are not deductible under the law and approximating others where it seemed to us that the claims made by petitioner were excessive, we have reached the conclusion that in a determination of the deficiency under Rule 50, petitioner should be allowed a deduction of $3,779.49 as ordinary and necessary expenses incurred and paid in 1940 instead of the amount which the Commissioner has allowed in his determination of the deficiency. Decision will be entered under Rule 50.