Waters F. Burrows v. Commissioner.
Burrows v. Commissioner
Docket No. 109374.
United States Tax Court
1943 Tax Ct. Memo LEXIS 330; 1 T.C.M. (CCH) 959; T.C.M. (RIA) 43200; April 30, 1943
*330 Richard J. Mackey, Esq., 1450 Broadway, New York City, for the petitioner. J. Marvin Kelley, Esq., for the respondent. DISNEY
Memorandum Opinion DISNEY, Judge: This case involves a deficiency of $201.91 in income tax, determined by the Commissioner for the calendar year 1939. Two questions are presented: Was the petitioner entitled to deduct $200 for traveling expenses, and $155 for expenses of a bookkeeper. Other items disallowed are not put in issue. The petitioner is and was during the taxable year a resident of the Town of Osprey, Florida. The record does not show where the income tax return was filed. He had an office at Bradentown, Florida. He incurred $200 expense for automobile tires, gasoline, and keeping his car in condition in connection with going from his home to his office. He and his wife owned property in New York and in Florida. A bookkeeper was employed and paid $155 during the taxable year. Of the amount $90 was paid by the petitioner to or for the account of the bookkeeper, and $65 was paid by petitioner's wife. The bookkeeper did work for a firm owned by petitioner and his wife, for a printing company owned by the petitioner, for the combined holdings of petitioner *331 and his wife in Florida, and for the estate of petitioner's wife. The bookkeeper attended to petitioner's personal affairs. The record does not show any allocation of the $155 paid between the printing company, the wife's estate, the firm, or the combined holdings of petitioner and his wife, or petitioner's personal work. In such condition of the record, we are unable to find error in the Commissioner's determination. The automobile expense of going to and from home to office is not allowable deduction. Walter M. Priddy, 43 B.T.A. 18; Jennie A. Peters, 19 B.T.A. 901; Mort L. Bixler, 5 B.T.A. 1181. Of the $155 expense of bookkeeper, only $90 was paid by the petitioner, and the record does not enable us to say what, if any, portion thereof was paid for ordinary and necessary expense of business, or for production or collection of income, or management, conservation or maintenance of property of the petitioner himself, under section 23 (a) (1) of the Internal Revenue Code, as amended by section 121 of the Revenue Act of 1942. Decision will be entered for the respondent.