John M. and Virginia Dickey v. Commissioner.
Dickey v. Commissioner
Docket No. 1090.
United States Tax Court
1944 Tax Ct. Memo LEXIS 306; 3 T.C.M. (CCH) 305; T.C.M. (RIA) 44104; March 31, 1944
*306 John M. Dickey, pro se. W. W. Kerr, for the respondent. HARRON Memorandum Findings of Fact and Opinion HARRON, Judge: The respondent determined a deficiency in income tax for the year 1941 in the amount of $100.61. Petitioners deducted $1,048 as business expenses which respondent disallowed. Petitioners contest the respondent's determination. The amount which petitioners deducted represents expenditures for lodging, meals, garage, and transportation by automobile while petitioner, John M. Dickey, was away from his residence in Columbus, Ohio, during the year 1941. During that year petitioner, John M. Dickey, worked in an office in Dayton, Ohio. Petitioner claims that the expenditures represent amounts expended "while away from home in the pursuit of a trade or business" and, as such, that the expenditures are deductible under section 23 (a) of the Internal Revenue Code. The question is whether the "home" of petitioner, John M. Dickey, as that term is used in section (23) (a), is located in Columbus or Dayton, Ohio. Petitioner filed his income tax return with the collector for the eleventh district of Ohio at Columbus. John M. Dickey is referred to hereinafter as the petitioner. *307 Findings of Fact Petitioner is married and during the year 1941 he maintained a residence in Columbus, Ohio. During the year 1941 he was employed by the Superintendent of Building and Loan Associations of Ohio at the office maintained by the Superintendent in Dayton. The Superintendent maintains an office in Columbus, but petitioner is not employed in the office in Columbus. Petitioner received $3,750 as compensation for his services in the office of the Superintendent at Dayton during the year 1941, and he reported that amount in his income tax return. During the year 1941 petitioner was assigned to work in the liquidation of the Mutual Home and Savings Association, American Loan and Savings Association. and the Super Building and Loan Association. All of his work was done at the office of the Superintendent in Dayton and it was understood by petitioner that his work would be done there. Petitioner did not do any work outside of Dayton during the year 1941. He was required to report to his office each day from 9 until 4. Petitioner worked in Dayton during the years 1939, 1940, 1941, 1942 and 1943. At the time of the hearing, in January 1944, he was still working in Dayton. During *308 all of these years he was employed by the Superintendent of Building and Loan Associations of the State of Ohio. The employment of petitioner in 1941 was a continuation of his employment in 1940. In 1941 he was given some additional duties supervising the auditing of the liquidation of the American Loan and Savings Association. In each of the years 1939, 1940 and 1941 petitioner's salary was increased from $2,400 to $2,700 to $3,900. The increase in salary in 1941 did not become effective until after the beginning of the year so that his compensation for services during 1941 was only $3,750. Although petitioner worked in Dayton during 1939, 1940, and 1941, he kept his residence in Columbus, which is about 75 miles from Dayton. During 1941 petitioner rented a room in a private home in Dayton and garage space for his car. He stayed in Dayton 6 days a week, from Monday until Saturday. He made two round trips a week from Columbus to Dayton. His expenditures for the year 1941 for lodging, meals, and garage in Dayton were $260, $520, and $60, respectively. The cost of his transportation between Columbus and Dayton by automobile was $208. The total amount of these expenditures for the *309 year is $1,048. The entire amount which petitioner received from the Superintendent of Building and Loan Associations of Ohio during the year 1941 was compensation for services. No part of said amount was received for subsistence or travel expenses. He was employed on a straight salary basis. The amounts which he expended for lodging, meals, and other items in question were paid out of his earnings. He has not been reimbursed for any of the expenditures in question by his employer. During the year 1941, petitioner was not engaged in any business and was not employed in any business in Columbus. He carried on his business, as an employee, in the city of Dayton during the entire year 1941, and that city was his post of duty. [Opinion] Petitioner presents an argument which is not consistent with the facts. The facts are that he was employed by the Superintendent of Building and Loan Associations of Ohio at the Dayton office during the year 1941 and for two years before that. The record shows that the terms of his employment required him to work in an office in Dayton. He was not required to do any traveling by his employer and none of the expenditures in question related to *310 any travel in connection with his work. All of his work during the taxable year was done in an office and no travel was required. In spite of these facts, petitioner argues that the Superintendent could require him to travel and could require him to go to work in another city, and petitioner says that he does not have any control over such possible orders. Such argument is entirely academic and immaterial. The question must be determined under the facts relating to petitioner's employment during the taxable year. Petitioner, in a sense, elected to commute between the place of his residence and the place of his work. It has long been a rule that the expenses of traveling between a person's residence and his office, by automobile or otherwise, is a personal expense and is not deductible. Frank H. Sullivan, 1 B.T.A. 93; Mort L. Bixler, 5 B.T.A. 1181; and Walter M. Priddy, 43 B.T.A. 18. The word "home" used in section 23 (a) (1) of the Internal Revenue Code means the business location, post, or station of the taxpayer. Walter M. Priddy, supra.A taxpayer may *311 not keep his place of residence at a point where he is not engaged in carrying on a trade or business and take a deduction for his living expenses while away from such residence or deduct traveling expenses for trips between his place of business and such residence. This Court has consistently followed the above rule. Charles E. Duncan, 17 B.T.A. 1088; affd., 47 F.2d 1082; Jennie A. Peters, 19 B.T.A. 901; George W. Lindsay, 34 B.T.A. 840; Walter M. Priddy, supra at p. 31. Cf. Harry F. Schurer, 3 T.C. 544. Petitioner's contentions arise out of his lack of understanding of the established rules in applying provisions of section 23 (a) of the Internal Revenue Code. Deductions are a matter of legislative grace; and they are controlled by provisions in the revenue law. The term "home" as used in section 23 (a) (1) does not mean the residence of the taxpayer. Petitioner's contentions are based upon that interpretation of the word appearing in the statute, and his interpretation is incorrect. All *312 of the expenditures in question in the total amount of $1,048 were personal expenditures, and are, therefore, not deductible. See section 24 (a) (1) of the Internal Revenue Code. Decision will be entered for the respondent.