John Wallace Winborne v. Commissioner.
Winborne v. Commissioner
Docket No. 58.
United States Tax Court
1944 Tax Ct. Memo LEXIS 208; 3 T.C.M. (CCH) 544; T.C.M. (RIA) 44207; June 8, 1944
*208 W. H. Holderness, Esq., P.O. Box 569, Greensboro, N.C., for the petitioner. Edward M. Woolf, Esq., for the respondent. HILL Memorandum Findings of Fact and Opinion HILL, Judge: This proceeding involves income tax deficiencies for the years 1939 and 1940 in the respective amounts of $197.65 and $183.21. The sole issue in controversy is whether petitioner is entitled to deduct from gross income traveling expenses, including the cost of meals and lodgings, incident to his attendance upon the Supreme Court of North Carolina of which he was an Associate Justice. The returns for the years in question were filed with the collector for the district of North Carolina at Greensboro. Findings of Fact Petitioner is an Associate Justice of the Supreme Court of North Carolina and has occupied such position since 1937. He commenced a full term of eight years on January 1, 1939. The Court by law is required to sit in Raleigh, North Carolina, the State capitol. Accordingly, petitioner spent 270 days in Raleigh in each of the years 1939 and 1940. During the remainder of each year he lived in Marion, North Carolina, the town of petitioner's legal residence and the place where he owned and maintained *209 his homestead, retained his lodge and banking affiliations and paid his taxes. Marion is located about 235 miles west of Raleigh. Petitioner traveled between the two points by automobile making ten round trips each year. He estimates the expense of such trips at five cents per mile. While in Raleigh petitioner stayed at the Sir Walter Hotel where he engaged quarters by the year at the rate of $65 per month. Prior to her death in 1940, petitioner's wife also stayed at Raleigh during a large portion of the time that petitioner was there. Likewise did his daughter, prior to her marriage in the fall of 1939. During the years in question the Marion house was kept open only for about two weeks in December and during the month of January and from June through September. These were the periods when Court was not in session. Petitioner's meals while in Raleigh were taken at restaurants. He estimates his meals to have cost $2.50 per day. No records were kept of actual expenditures either for meals or transportation. Petitioner had lived in Marion since 1907. He practiced law there. After his ascension to the bench, he terminated his law partnership and rented his law library and safe. The *210 library and safe have been sold since 1940. Petitioner did not practice law after becoming judge. However, he was executor or guardian of some estates during the years in question and received fees for services as such. In 1939 the fees amounted to $2,353.55, coming principally from one estate. In 1940 they amounted to $67.98. During 1942 and 1943 petitioner received, respectively, fiduciary fees in the amount of $5,000 and $9,000. Petitioner also was a director of three corporations located in Marion from only one of which did he receive a director's fee. The directors' meetings of this concern were held semi-annually, one in Marion and one in New York City. Petitioner's annual salary as judge was $7,500. In addition thereto he was paid an expense reimbursement in the amount of $500 per year up to July 1, 1939. Effective as of that date petitioner was paid $1,550 per annum "in lieu of and in commutation for expenses incident to attendance upon the Court." For the year 1939 petitioner reported his salary of $7,500 and deducted therefrom $550, the amount of his estimated traveling expenses over and above the expense allowances received from the state. For the year 1940 petitioner *211 reported $7,500 salary but made no mention of the amount received in lieu of expenses. Respondent added to petitioner's income for each year the additional amounts which petitioner received from the state and denied him any deduction for traveling expenses, including the cost of meals and lodging, expended in connection with the attendance upon the Court in Raleigh. Petitioner's sole business during the years 1939 and 1940 was that of Associate Justice of the Supreme Court of North Carolina. His place of business was at Raleigh, North Carolina. Opinion The only question here presented is whether petitioner, an Associate Justice of the Supreme Court of North Carolina, is entitled to deduct the amounts expended for board and lodging at Raleigh, the seat of the State government, and his expenses in going to and from Raleigh and the city of his legal residence. Petitioner asserts that such expenditures are deductible under section 23 (a) (1) of the Internal Revenue Code. Respondent contends to the contrary and says the items constitute personal, living or family expenses the deduction of which is disallowed by section 24 (a) (1) of the Internal Revenue Code. Similar questions have *212 been resolved in many prior decisions, sometimes in favor of the taxpayer and sometimes against him. Determinative factors are the locale of the business in which taxpayer is engaged, the permanency of his employment in that particular business, and the existence or nonexistence of other business occupations requiring the presence of the taxpayer at more than one spot. Under section 23 (a) (1), supra, or similar provisions of prior acts, a taxpayer may not keep his place of residence at a point where he is not engaged in carrying on a trade or business and take a deduction from gross income for his living expenses while away from home and costs in going back and forth. Mort L. Bixler, 5 B.T.A. 1181. For the purposes of this statute, a taxpayer's "home" means his business location, post or sation. George W. Lindsay, 34 B.T.A. 840; William Lee Tracy, 39 B.T.A. 578; Walter M. Priddy, 43 B.T.A. 18. Deductions for traveling expenses may be had only when the business requires the taxpayer to be away from "home" as used in that sense. Charles E. Duncan, 17 B.T.A. 1088, *213 affirmed 47 Fed. (2d) 1082. On the other hand, traveling expense deductions are not to be disallowed when the employment which takes the taxpayer away from his usual abode is temporary. Harry F. Schurer, 3 T.C. 544; Coburn v. Commissioner, 138 Fed. (2d) 763. Moreover, we have recognized that a taxpayer may have more than one occupation or business. When it was shown that the taxpayer had two occupations which required an approximately equal division of his time between two different cities, we have approved a deduction of the ordinary and necessary expenses in connection with attendance upon the one removed from his legal residence. Walter F. Brown, 13 B.T.A. 832; Joseph W. Powell, 34 B.T.A. 655. Petitioner seeks to draw an analogy between the present facts and those which impelled decisions favorable to the taxpayers in the Coburn, Brown and Powell cases. He contends that his occupation as Associate Justice was temporary and that he also was engaged in other businesses located in and about Marion, North Carolina. We *214 can not accept either contention. On January 1, 1939, the first day of the first taxable year involved in this proceeding, petitioner was commencing an eight year term on the North Carolina Supreme Court bench. While the word "temporary" is a relative term which withstands efforts to accord it a specific limit as descriptive of time, we opine that it embraces a period far less than eight years when used in relation to an individual's productive business life. Certainly the Coburn case does not suggest otherwise. There the "temporary" employment resulted from five motion picture contracts which guaranteed work for periods not exceeding four weeks each. Moreover, they were not obtained simultaneously but successively. Nor does the Schurer case help petitioner. There the taxpayer, a journeyman plumber and member of a Pittsburgh Pa. local union, at the latter's request, accepted war construction work in neighboring cities. Each job was bound to end with the completion of the construction. The longest, in fact, lasted 33 weeks. We conclude that petitioner was not present in Raleigh in connection with a temporary business or occupation. Furthermore, the facts fail to prove that *215 petitioner was engaged in any business save that of a judge and we have so found. The fact that petitioner occupied a position of executor or guardian of a few estates did not place him in the business of acting as fiduciary, assuming that an individual ever can be said to have such a business. Nor do the directorships constitute a trade or business. Since petitioner's permanent business was that of Associate Justice of the Supreme Court of North Carolina and since this business was conducted entirely at Raleigh, it follows that Raleigh must be regarded as petitioner's "home", as that term is used in section 23 (a) (1) of the Internal Revenue Code. Hence, he is entitled to no deduction for traveling expenses to Raleigh, including the cost of meals and lodging while there, and we so hold. It is immaterial that petitioner was expected to retain his legal residence at Marion, North Carolina. Persons holding public office frequently are obliged to maintain their pre-election domicile. This was the case in George W. Lindsay, supra, where petitioner, as Congressman, was held to have his "home" in Washington, D.C. within the meaning of the controlling statutory *216 provision. Nor is an opposite result called for because the State of North Carolina saw fit to pay petitioner additional compensation in lieu of and in commutation for expenses incident to attendance upon the Court. It was within the State legislature's power and privilege to recognize and provide for such expenses. But this does not make them business rather than personal expenses. Manifestly, only the Federal internal revenue laws can govern Federal income taxes. The issue is resolved in favor of respondent. Decision will be entered for the respondent.