R. P. Shea, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Joseph F. Logel, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket Nos. 37762, 37835, 40034, 40071. Promulgated November 13,.1931.

*Ralph W. Smith, Esq., John B. Milliken, Esq.,* and *George H. Koster, Esq.,* for the petitioners.

*M. B. Leming, Esq.,* for the respondent.

OPINION.

McMahon: Petitioner Shea contends that he paid $18,069.50, or gave credit in that amount, to purchasers of lots in order to induce them to assist him in selling other lots. This amount, it is alleged, represents the down payment on the lots which we have listed in our findings of fact, and petitioner Shea contends that it is deductible in 1923. The evidence upon this assignment of error is vague and confusing. From it we can not find that he actually paid out in 1923 more than $5,280 as down payments. That amount was paid out by Shea in 1923 as down payments on four Hancock Park lots, which petitioner sold as agent for Allen Hancock, and there is nothing in the evidence to indicate that there was any agreement that the amount of the down payment should be returned to him. On the other hand, in cases where Brentwood Country Club Estates lots were reconveyed to Shea, he gave the persons reconveying the lots his check in the amount of the credit which had previously been given as down payments on the purchase price of the lots. By agreement between Shea and Logel each was to bear individually the amount of expense which he individually incurred. Any deduction allowable is therefore limited to the amount of $5,280, since we must assume that petitioner Shea operated upon a cash receipts and disbursements basis. In view of the fact that this expenditure was made to induce others to direct business to petitioner Shea, we consider it an ordinary and necessary business expense and therefore deductible in 1923.

Shea also alleges that the respondent erred in disallowing as deductions from gross income for 1924 and 1925 amounts of $15,000

and $31,500, respectively, claimed by him in his return as "sales promotion and entertainment expense." He kept no records of amounts expended for this purpose, but testified that at the time he rendered his returns he had the facts before him showing that those were the proper amounts. He further testified that he spent all of the amounts which he claimed in his returns. In this situation, where petitioner Shea did not keep records, but testified that he knew that the amounts claimed were spent for the purpose of furthering his business, we are of the opinion that such amounts constitute allowable deductions from his gross income of the respective years. We believe that such a conclusion is required by the decision in *Cohan* v. *Commissioner*, 39 Fed. (2d) 540. See also *A. F. Rees*, 21 B. T. A. 698.

Shea alleges that the respondent erred in computing his tax liability for the year 1925 in disallowing a claimed deduction of $4,950 for inadequate electrical equipment abandoned in that year. From the evidence it seems clear to us that the ranch upon which the electrical equipment was installed was devoted primarily to Shea's pleasure purposes rather than to business purposes. While there is evidence to show that at some time Shea engaged in the stock business to a limited extent, we are not informed as to whether this occurred in the years in question. We therefore hold that the respondent did not err in disallowing the claimed deduction.

Shea further contends that the respondent erred in computing his income-tax liability for the year 1924 in that he failed to give him the benefit of the 25 per cent reduction, provided in section 1200 (a) of the Revenue Act of 1924, on that part of the deficiency attributable to his distributive share of income from the Brentwood Country Club Estates taxable at 1923 rates.

Section 1200 (a) of the Revenue Act of 1924 provides as follows:

Any taxpayer making return, for the calendar year 1923, of the taxes imposed by Parts I and II of Title II of the Revenue Act of 1921 shall be entitled to an allowance by credit or refund of 25 per centum of the amount shown as the tax upon his return.

This identical question was presented in *Charles Colip*, 5 B. T. A. 123, and we there held contrary to the contention of the petitioner. To the same effect is *William A. W. Stewart et al.*, 18 B. T. A. 393, affirmed in *Stewart* v. *Commissioner*, 52 Fed. (2d) 17. In affirming the Board's decision the Circuit Court expressly disagreed with the case of *White* v. *Maddison*, 45 Fed. (2d) 335, which holds to the contrary. In conformity with our prior decisions, we hold that respondent did not err in refusing to allow the 25 per cent credit. We also hold that the respondent did not err in refusing to allow the petitioner, Logel, a credit of 25 per cent as alleged by petitioner Logel in Docket No. 40071.

The petitioner, Logel, contends that the respondent erred in disallowing amounts of $7,200.96 and $13,055.44 claimed by him in his returns for the years 1923 and 1924, respectively, as "entertainment and promotion expenses." Logel testified that he entertained prospective purchasers of lots in his own home for the purpose of promoting his sales. He kept no detailed records of expenses incurred in this connection, but asks us to find that those amounts were spent for that purpose, because so-called " household expenses " increased from $11,434.32 in the year 1922 to $23,966.97, $29,745.08 and $28,253.79, in the years 1923, 1924 and 1925, respectively. Logel testified that the so-called " household expenses " for 1923 and 1924 included amounts spent in entertaining prospective customers for business purposes, but admitted that there is no way to segregate such expenditures from his personal expenses. There is no testimony that Logel knew at the time of the hearing or at the time the return was filed that the amounts claimed as deductions were correct. This situation is somewhat analogous to that presented in *O. J. Morrison*, 19 B. T. A. 635, in which we stated:

\* \* \* The petitioner himself kept no record of his disbursements and was entirely unable to recall the facts relating to any of them or to testify how any item had been spent. He testified generally as to his belief that the amount claimed was " practically all " used to pay traveling expenses, but this leaves an intimation that some of it may have been otherwise spent.

In this condition of the evidence we find no warrant for a finding of fact that any part of the amounts so withdrawn in 1923 constituted ordinary and necessary expenses of carrying on petitioner's business. The Board is in no position from this record to make such an estimate as is suggested in *Cohan* v. *Commissioner*, 39 Fed. (2d) 540, even if it were to assume from the evidence that some such amounts were paid and that no part thereof had been allowed as a deduction by the respondent.

\* \* \* \* \* \* \*

Following our holding in that proceeding, we hold that petitioner Logel in the instant proceeding is not entitled to the claimed deduction in question.

The evidence discloses that Logel, in 1924, spent an amount of $1,552.65 for traveling expenses on a trip to Florida for the purpose of assisting himself and Shea in the pricing of the lots which they were attempting to sell in California. From the evidence we are of the opinion that this expenditure was made on behalf of the two partnerships rather than on behalf of Logel individually. It is therefore our opinion that one-half of that amount is deductible by each partnership. The partnership of Logel and Shea made its return upon a calendar-year basis and, since Shea and Logel each owned a 50 per cent interest in that partnership, the distributive share of each in the income of that partnership for the calendar year 1924 should be reduced by one-fourth of the amount of $1,552.65.

However, since the partnership known as the Brentwood Country Club Estates operated upon the basis of a fiscal year ending August 31, and since we are not informed as to when, during the year 1924, the expenditure was made, we are unable to determine that the one-half of such expenditure attributable to that partnership is deductible by it in the fiscal year ended August 31, 1924. There is, therefore, no basis in the record for holding that the share of each in the income of that partnership which was distributable in 1924 should be reduced by any portion of the amount of $1,552.65.

There is no evidence whatsoever in the record as to the allegation of error concerning an amount of $860 paid by Logel as club dues and deducted by him as a business expense. Logel makes no mention of it in his brief and has apparently abandoned the issue. The respondent's determination in this regard will therefore not be disturbed.

*Judgment will be entered under Rule 50.*