WALTER F. BROWN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 12748. Promulgated October 9, 1928.

*George Roscoe Davis, Esq.,* for the petitioner.
*J. L. Backstrom, Esq.,* for the respondent.

OPINION.

MARQUETTE: The Revenue Act of 1921 contains the following provisions, which are here applicable:

SEC. 214. (a) That in computing net income there shall be allowed as deductions:

(1) All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including * * * traveling expenses (including the entire amount expended for meals and lodging) while away from home in the pursuit of a trade or business; * * *.

SEC. 215. (a) That in computing net income no deduction shall in any case be allowed in respect of—

(1) Personal living, or family expenses; * * *.

It is the contention of the petitioner that he was "away from home in the pursuit of his trade or business" when, approximately every two weeks from May to December, 1921, he came to Washington to carry on the work of the Committee, of which he was chairman. This work was not a part of the petitioner's law practice which he carried on in Toledo; it was a service to and for the United States Government, performed, and apparently intended by Congress to be performed, in Washington. Nevertheless, it was a part of the petitioner's business, his gainful occupation, during the taxable year. This Board has recognized that a person may be regularly

engaged in more than one trade or business at the same time. *Louis M. Goldberg*, 9 B. T. A. 1355.

The respondent concedes that the petitioner "was engaged in business as a member of the said joint committee in Washington, D. C.," but takes the position that Washington was the petitioner's home while he was chairman of the Joint Committee; and, therefore, no traveling expenses may be deducted from gross income under the statute above cited. The facts, we think, do not sustain that theory. It would probably make very little difference, if any, whether we consider the petitioner's home to have been in Toledo or in Washington. If the latter, he would have been compelled to travel to Toledo to carry on his law practice. Such expenses would be deductible. He was engaged, during the taxable year, in two occupations; he divided his time equally between the two, in two separate cities. The authority under which the petitioner was appointed chairman of the Joint Committee did not specify any amount of time he must devote to the work; that was left to the discretion of himself and the Committee. The respondent's suggestion, in his brief, that in creating this Joint Committee Congress did not contemplate any necessity for travel by the Committee, may be perfectly true; but it is not persuasive as an argument. Many instances may be found where legislatures have failed to contemplate all the effects of some law they have enacted. In this case, the petitioner had a definite understanding with the President that his law practice in Toledo should not be interfered with.

In the case of *Chester D. Griesemer*, 10 B. T. A. 386, this Board allowed as deductions the amounts paid for an apartment in Paris for three years, Griesemer being there on business for his firm; other expenses while in Paris were not allowed because of lack of proof of the amounts. In that case, as in the present one, the respondent contended that the expenses claimed as deductions were personal in their nature, and therefore not deductible under section 215 of the Act. On this point the Board said:

We are convinced that the terms "personal, living, or family expenses" referred to in section 215, *supra*, were intended by the Congress to be applied in the ordinarily accepted sense of those words and not in the broad and sweeping sense in which the respondent is seeking to apply them. Simply because the amounts in question happen to be "living" expenses in a strict sense does not prevent them from being deductible if they are ordinary and necessary and are shown to have been incurred in carrying on his trade or business and are clearly in addition to his living expenses at the usual place of abode which he maintains for his mother and sister. The Congress undoubtedly intended that the taxpayer's personal expenditures in maintaining his usual place of abode should not be deducted, but that all expenditures made by the taxpayer in addition to those amounts if incurred in carrying on a trade or business should be deducted in determining net income.

We are of opinion that the rule announced in the *Griesemer* case as quoted above, is applicable to the state of facts in the appeal under consideration. See also, *D. C. Jackling*, 9 B. T. A. 312. We are not convinced, however, that it was reasonably and fairly necessary for the petitioner to maintain an apartment at the Wardman Park, by the year. It was doubtless more convenient than to have registered and obtained rooms anew, every two weeks, but the evidence does not show the yearly rental to have been necessary, or less expensive. We think deductions for lodging should be confined to the time such lodgings were occupied, and therefore the amount claimed by the petitioner, $1,766, is reduced to $883. The other items of expenses should be allowed as deductions, as claimed.

The petitioner's income tax for the year 1921 should be recomputed, allowing him as deductions for necessary traveling expenses the sum of $2,828.75.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*