George E. Mullen v. Commissioner.
Mullen v. Commissioner
Docket No. 26210.
United States Tax Court
1951 Tax Ct. Memo LEXIS 275; 10 T.C.M. (CCH) 301; T.C.M. (RIA) 51092; March 30, 1951
George E. Mullen, pro se. Elmer A. Lyon, Esq., for the respondent. RAUM
Memorandum Findings of Fact and Opinion The respondent determined a deficiency in the income tax of petitioner for the year 1945 in the amount of $223.87. The question presented for our determination is whether the petitioner is entitled to deduct $750 for "occupational expense" and $131.65 as "auto expense" under the provisions of Section 23(a)(1)(A) of the Internal Revenue Code. The petitioner concedes that the respondent properly disallowed deductions taken by him for amusement tax in the amount of $12.60 and Federal automobile use tax in the amount of $5.00. Findings of Fact The stipulated facts are found accordingly. The petitioner, a resident of Indianapolis, Indiana, *276 filed his 1945 income tax return with the collector of internal revenue, Baltimore, Maryland. In this return he reported a salary received of $3,700.94, deductions of $1,248.13, net income of $2,452.81, and tax liability of $449.14. The petitioner's wife filed a separate return with the collector of internal revenue at Baltimore for the year 1945. She is employed by the General Accounting Office of the Federal Government and works in its office at Washington, D.C. The petitioner is also an employee of the General Accounting Office. His service with that office began in Washington, D.C., in August, 1942. He remained in the General Accounting Office in Washington, D.C., until September 15, 1944, when his official headquarters was changed from Washington, D.C., to Shelbyville, Indiana. Petitioner was transferred from Washington, D.C., to Shelbyville for an indefinite period of time. Before making the change in his post of duty, the petitioner was given a travel order which read in part as follows: "The following changes of official headquarters are hereby made, effective upon arrival. Inasmuch as it has been determined administratively that the services of the persons indicated *277 will be required at their new station for an indefinite period of time, these changes are made in the interest of the Government and not for their personal convenience. 1. Payment of expenses of transportation of household goods and personal effects is hereby authorized in accordance with provisions of the Act of October 10, 1940, 54 Stat. 1105, and the regulations prescribed in Executive Order No. 8588, dated November 7, 1940, as amended. 2. While enroute, travel will be performed in accordance with the provisions of the Standardized Government Travel Regulations, as amended, and per diem in lieu of subsistence will be allowed in accordance with Administrative Order No. 25, dated June 4, 1943. * * *
NAME "George E. Mullen TO Shelbyville, Ind.
FROM Washington, D.C. APPLICABLE PARAGRAPHS 1, 2 & 3" This travel order was amended subsequently on two different dates to extend the time in which the petitioner could claim reimbursement for the cost of moving his household goods. The petitioner was reimbursed for his travel expense incurred in transferring from Washington, D.C., to Shelbyville, Indiana. During the petitioner's period of duty at Shelbyville, Indiana, he received *278 no per diem or subsistence allowance. After being stationed at Shelbyville, Indiana, for about two months, his official headquarters was changed to Indianapolis, Indiana, and he was transferred there for an indefinite period of time. The travel expense he incurred by way of this transfer was reimbursed by the United States. During his period of duty at Indianapolis, Indiana, he received no per diem or subsistence allowance. He remained at his post of duty at Indianapolis, Indiana, during the first four months of 1945. About the first of May, 1945, his official headquarters was changed to Bloomington, Indiana, and he was ordered there for an indefinite period of time. While stationed at Bloomington, the petitioner received no per diem or subsistence allowance. The petitioner was reimbursed for his travel expense incurred in making the transfer from Indianapolis to Bloomington. The petitioner was stationed at Bloomington for about 6 months during 1945. Upon his request and for his personal convenience the petitioner was transferred to Washington, D.C., in December 1945, where he remained until January 1946, when he was transferred to Bloomington, Indiana, for an indefinite period *279 of time. In June 1946, he was transferred to Indianapolis, Indiana, and he has remained there up to the present time. The petitioner claimed as a deduction in his 1945 Federal income tax return the amount of $750, expended by him for meals and lodging during the ten months in 1945 that he was stationed at Bloomington and Indianapolis, Indiana. While the petitioner was stationed at Bloomington, Indiana, he lived at Bedford, Indiana, and commuted daily between the two towns. The petitioner claimed as a deduction in his 1945 return the amount of $131.65 for automobile expense incurred while commuting between the two towns. The Commissioner disallowed the deductions of $750 and $131.65. Opinion RAUM, Judge: This case involves Section 23(a)(1)(A) of the Internal Revenue Code which permits a taxpayer to take as deductions in computing net income "* * * traveling expenses (including the entire amount expended for meals and lodging) while away from home in the pursuit of a trade or business; * * *". [1]
*280 We are satisfied that neither the $750 expended by petitioner for meals and lodging while stationed at Bloomington and Indianapolis during 1945, nor the $131.65 auto commuting expense is deductible under Section 23(a). Although petitioner was transferred several times within a comparatively short period of time, the fact remains that petitioner was not in travel status while at his successive posts. Each transfer was intended to be of a "permanent" character, as shown by the fact that he was authorized to claim reimbursement for the cost of moving his household goods and by the further fact that his subsistence or per diem allowance ceased upon his reaching each of the new posts. While working at his post he was not "away from home" within the meaning of Section 23(a), and is therefore not entitled to deductions for meals, lodging, or commuting expenses at such times. Cf. Commissioner v. Flowers, 326 U.S. 465. This case is unlike the cases relied upon by petitioner. Thus, Walter F. Brown, 13 B.T.A. 832, involved a taxpayer engaged in two occupations in two different cities, and Harry F. Schurer, 3 T.C. 544, dealt with a taxpayer who accepted *281 temporary employment away from home. Cf. also Coburn v. Commissioner, 138 Fed. (2d) 763 (C.A. 2). Here, on the other hand, despite the relatively brief periods spent by petitioner at his new stations, those places must, in the light of the facts presented, be regarded as his permanent posts during the periods involved. Decisions will be entered for the respondent. Footnotes
1. Petitioner suggests also that his claimed deductions may be founded upon Section 22 (n)(2). But Section 22 (n) deals with the definition of "adjusted gross income," and the deductible expenses for travel and lodging in subparagraph (2) thereof are merely those that are allowed by Section 23. Accordingly, unless the claimed deductions herein can qualify under Section 23↩, they are not allowable.