Max W. Tugel v. Commissioner.
Tugel v. Commissioner
Docket No. 84500.
United States Tax Court
T.C. Memo 1961-137; 1961 Tax Ct. Memo LEXIS 211; 20 T.C.M. (CCH) 693; T.C.M. (RIA) 61137; May 17, 1961
Howard F. Rhea, Esq., for the petitioner. William T. Ivey, *212 Jr., Esq., for the respondent. WITHEY
Memorandum Findings of Fact and Opinion WITHEY, Judge: Deficiencies in petitioner's income tax for the calendar years 1954, 1955, 1956, 1957, and 1958 have been determined by the respondent in the respective amounts of $214.06, $219.99, $301.75, $395.05, and $396.61. Additions to tax under section 6651(a) of the Internal Revenue Code of 1954, for late filing of petitioner's returns, for the years 1954, 1955, and 1956 have been determined by the respondent in the respective amounts of $11.52, $16.37, and $21.13. The additions to tax have been conceded by petitioner to be correct but the amounts thereof necessarily depend upon decision of the other issue herein. The sole other issue to be decided is whether respondent has erred in disallowing deductions taken in each year as travel expense. Findings of Fact Stipulated facts are found as stipulated. Petitioner, an unmarried person, filed his income tax returns for the years at issue with the district director at San Francisco, California. Petitioner, at all times pertinent hereto, was employed as a member of a line crew by Western Union Telegraph Company, *213 hereinafter referred to as employer, Oakland, California. He had no fixed place of abode but slept and took his meals at all times, including such portions of his vacations as were spent in or near Oakland, at motels or hotels and at such eating establishments as his employer designated. The amounts he has deducted in each year as traveling expense are amounts which are included in his reported gross income, but which he has never physically received. The terms of his employment have provided for an election by him either to accept from his employer $3 per day to June 30, 1956, and $5 per day thereafter as a subsistence allowance and provide his own food and lodging or to permit his employer to retain the allowance and to furnish his meals and lodging at the employer's expense. Such provision included vacation periods. He elected to and did throughout the years at issue avail himself of the latter choice. Petitioner's deductions include the amounts so retained by his employer for each work day and 14 vacation days for all years involved regardless of whether his post of duty was in the vicinity of Oakland, California, which he contends is his tax home, or elsewhere. He has conceded *214 that should we decide his tax home was in that city, then such deductions taken with respect to Oakland and its vicinity are improperly taken. His posts of employment which were in that city or its area within the meaning of his concession are Oakland, Berkeley, San Francisco, South San Francisco, and San Jose. He also concedes, in that event, that amounts so deducted as travel expense for 14 vacation days during each year were improperly deducted. During his employment petitioner moved with the line crew from place to place throughout the western United States, including Oakland, the amount of time spent at each place varying from one day to several months. Employment at each location was temporary in nature. Petitioner's permanent mailing address was the headquarters of his employer in Oakland. The address given by him for the purposes of Selective Service, while originally South Dakota, is now Oakland. During the years at issue he was a member of a union and served it as shop steward chargeable with bringing worker grievances to his employer. Such grievances were reported by him to the union president in Oakland. His attendance at union meetings was in Oakland or its vicinity. *215 He spent a part of his vacation during each year in Oakland either visiting at his employer's business premises or the homes of his friends in that city. The remainder of his vacations were spent in traveling about the United States also visiting friends. Upon occasion petitioner has performed services for his employer individually as distinguished from services rendered as a member of a line crew. On such occasions such work was directed by the Oakland representative of his employer. Petitioner's residence is Oakland, California. Petitioner's home for tax purposes is each work location. Opinion It is alleged in the petition and admitted in respondent's answer that petitioner's residence is Oakland, California. The only remaining question is whether his residence is the same as his tax home for the purpose of section 162 of the 1954 Code. If he had a tax home from which he traveled in the courses of his employment, his deductions under these facts would be allowable. It is further stipulated that, although he has never collected the subsistence allowance made by his employer, such allowance has nevertheless been "paid" to him and the amount thereof has been included in *216 his reported gross income for each year involved. We understand from this that the amounts were "paid" by virtue of the furnishing by the employer of the expense of food and lodging in at least the amount of $3 or $5 a day with respect to each work day. We assume because no issue is raised on the point that petitioner worked a 7-day week. Neither is any issue raised by the pleadings with respect to section 119 of the 1954 Code. We assume this is so because the parties agree that petitioner has paid his own food and lodging expense which he here seeks to deduct. Section 162(a)(2) [1] requires that in order for such expenses to be deductible, they must be ordinary and necessary and paid or incurred during the taxable year while traveling away from home in the pursuit of a trade or business. We think the record is clear enough that petitioner's expenses were ordinary, necessary, and paid or incurred during the years involved, but that he was away from home when they were paid or incurred is not clear. In Commissioner v. Flowers, 326 U.S. 465 (1946), the Supreme Court held that for the purpose of section 23(a)(1) of the 1939 Code, which is the counterpart of section 162(a)(2) *217 of the 1954 Code, a taxpayer's residence is not necessarily his tax home; and that to travel from his personal residence in order to reach his place of employment is not "traveling * * * while away from home in the pursuit of a trade or business." As we have found, although the parties agree petitioner's residence was Oakland, he maintained no home at any place except on each work location. He had no need for a fixed home because his employer provided food and lodging for him even during his vacations at any place he happened to be. He customarily pursued his trade or business "in the western United States." This does not comport with then general rules defining a tax home as enunciated in Harry F. Schurer, 3 T.C. 544 (1944), Charles E. Duncan, 17 B.T.A. 1088 (1929), *218 and Walter F. Brown, 13 B.T.A. 832 (1928). We have had occasion to pass upon factual situations very similar to those here presented. Wilson John Fisher, 23 T.C. 218 (1954), affd., 230 F. 2d 79 (C.A. 7, 1956); Moses Mitnick, 13 T.C. 1 (1949). In the Fisher case the taxpayer was a traveling musician who had a family who accompanied him and lived with him wherever his engagements took him. Although he had a mailing and telephone address in Milwaukee where he was registered to vote, we held he had no tax home from which he was absent while traveling and denied his deduction of travel expenses. In the Mitnick case, under similar circumstances, we held the taxpayer had no fixed home; that such home as he had was wherever his work happened to be and that his food and lodging expense was nondeductible as personal living expense. The last-cited cases are so like the instant case factually as to be controlling here. We sustain the deficiencies determined by the respondent. Decision will be entered for the respondent. Footnotes
1. SEC. 162. TRADE OR BUSINESS EXPENSES. (a) In General. - There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including - * * *
(2) traveling expenses (including the entire amount expended for meals and lodging) while away from home in the pursuit of a trade or business; * * *↩