William R. Wallace, Jr. v. Commissioner. Ina Claire Wallace v. Commissioner.
Wallace v. Commissioner
Docket Nos. 110143, 110144.
United States Tax Court
1943 Tax Ct. Memo LEXIS 316; 2 T.C.M. (CCH) 25; T.C.M. (RIA) 43218; May 7, 1943
*316 William R. Wallace, Jr., Esq., 930 Chestnut St., San Francisco, Calif., and William R. Ray, Esq., for the petitioners. Arthur L. Murray, Esq., for the respondent. SMITH Memorandum Opinion SMITH, Judge: These proceedings, consolidated for hearing, involve income tax deficiencies for the year 1939 as follows: Docket
No.
Petitioner
Deficiency
110143
William R. Wallace, Jr.
$558.41
110144
Ina Claire Wallace
503.41
The question in issue in both proceedings is whether the living expenses of petitioner Ina Claire Wallace, wife of petitioner William R. Wallace, Jr., for a portion of the year 1939 while she was engaged in making a motion picture at Hollywood, California, under contract with Loew's, Inc., are deductible in computing petitioners' taxable income. [The Facts] Petitioners' returns for the year 1939 were filed with the collector of internal revenue for the first district of California. Petitioner Ina Claire Wallace, known professionally by her maiden name of Ina Claire, is a well known stage and screen actress. She was married on March 16, 1939, to petitioner William R. Wallace, Jr., an attorney, who was then living at San Francisco, California, where *317 he had been engaged in the practice of law since 1937. At the time of her marriage Ina Claire Wallace was engaged in making a motion picture at Hollywood, California, under contract with Loew's, Inc. This contract was made in November, 1938. It provided for petitioner's services, in making a single picture, for 34 weeks over a 40-weeks period beginning in November, 1938, and ending in September, 1939, at a salary of $2,000 per week. Under the contract petitioner was required to remain in the vicinity of Hollywood during the 40-weeks period so as to be available for duty at any and all times. Before entering her employment under the contract of November, 1938, and since about 1932, Ina Claire Wallace, then Ina Claire, lived in Connecticut and New York City, devoting most of her working time to the legitimate stage. From about August, 1932, to April, 1936, she lived at her home in Connecticut. From that time until November, 1938, she lived at the Pierre Hotel in New York City. For a part of that time she reserved an apartment in New York City which she subleased to others and never occupied herself. The petitioners were married in Salt Lake City, Utah. They spent their honeymoon *318 at La Quinta, California, and then returned to the home of petitioner William R. Wallace, Jr., in San Francisco for a month or six weeks. They talked over the matter of their future residence at the time and agreed to make their permanent home in San Francisco. Petitioner Ina Claire Wallace returned to Hollywood to resume work at the studio about May 1, 1939. After completion of her picture and the termination of her contract with Loew's, Inc., on September 15, 1939, Ina Claire Wallace returned to San Francisco. She did not give up her career as a professional actress, however, and with the assistance and advice of her husband has since reviewed a great many plays which various authors, producers, and others have submitted to her for approval. She accepted and appeared in one of such plays for two or three months in the summer of 1940. In the fall of that year she began rehearsals in New York City of another play which opened on the road in January, 1941, and later ran in New York City for two or three months. After this play closed, which was about the middle of April, 1941, she returned again to San Francisco and has lived there, except for occasional trips elsewhere, up to the *319 present time. During her stay in Hollywood in 1939 she lived at the Beverly Wilshire Hotel for a few weeks and then rented a house for a period of three months. At the expiration of that period she rented another house which she occupied until September 15 when she returned to San Francisco. The rental and her other living costs during that period are the principal items in controversy in these proceedings. Petitioners filed separate income tax returns for 1939 in which each reported one-half of their combined community income and claimed deductions of one-half of their combined community expenses. The expenses so claimed in each return included one-half of the living expenses of petitioner Ina Claire Wallace during the period of her employment in Hollywood, which amounted in total to $4,630.33. It is agreed that these expenses consisted of the personal living expenses such as rent, food, etc. [Opinion] The respondent has disallowed the deductions claimed in petitioners' returns as not being within the deductions allowed by section 23 (a) (1) of the Internal Revenue Code. This section of the Code reads as follows: SEC. 23. DEDUCTIONS FROM GROSS INCOME. In computing net *320 income there shall be allowed as deductions: (a) Expenses. - (1) In General. - All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered; traveling expenses (including the entire amount expended for meals and lodging) while away from home in the pursuit of a trade or business; and rentals or other payments required to be made as a condition to the continued use or possession, for purposes of the trade or business, of property to which the taxpayer has not taken or is not taking title or in which he has no equity. The cases relied upon by the respondent include Mort L. Bixler, 5 B.T.A. 1181; Charles E. Duncan, 17 B.T.A. 1088; affd., 47 Fed. (2d) 1082; George W. Lindsay, 34 B.T.A. 840; and Walter M. Priddy, 43 B.T.A. 18. We held in Walter M. Priddy, supra, that the living expenses of the taxpayer for a portion of the taxable year when *321 he was required to be away from his permanent home and his family were not deductible. In our opinion we said: The dispute centers around the location of Priddy's "home" as that term is used in section 23(a) of the Revenue Acts of 1934 and 1936. In Mort L. Bixler, 5 B.T.A. 1181, we said that a taxpayer's "home", as that term was used in the statute, was his "place of business, employment, or the post or station at which he is employed." We held that a taxpayer may not keep his place of residence at a point where he is not engaged in carrying on a trade or business and take a deduction for his living expenses while away from such residence or deduct traveling expenses for trips between his place of business and such residence. That case has been consistently followed. Charles E. Duncan, 17 B.T.A. 1088; affd., 47 Fed. (2d) 1082; Jennie A. Peters, 19 B.T.A. 901; and George W. Lindsay, 34 B.T.A. 840. The facts here show that Priddy's "home", as that term is used in the applicable revenue acts, was at Tyler, Texas, which was his principal *322 place of business and the place where his employment by the Sabine Royalty Corporation necessitated the maintenance of regular living quarters. He was not away from his "home" in the pursuit of a trade or business while he was in Tyler and he is not entitled to deduct the cost of meals and lodgings incurred and paid while he remained in that city. The same is true with respect to the expenses ascribed to the automobile trips made to Wichita Falls for the purpose of visiting his family over week ends." In William Lee Tracy, 39 B.T.A. 578, we held that expenses of the taxpayer for meals and lodgings while employed as an actor in making motion pictures in California were personal living expenses and therefore not deductible as traveling expenses under section 23 (a) of the Revenue Act of 1934. We think that the present proceedings are controlled by those cases and other cases therein discussed. We do not think that it can be said that petitioner Ina Claire Wallace was traveling in pursuit of a trade or business during the period when she was engaged in making the picture in Hollywood. The contract of her employment required her to be in the vicinity *323 of Hollywood and subject to call at any time. She was free to make her home there for the duration of her employment, as we think she did. Petitioners contend, and we think correctly, that after their marriage San Francisco was the domicile or legal residence of both petitioners. However, as we have pointed out in the cases cited above, section 23 (a) is not concerned with legal residence. It refers to the taxpayer's "home," which we have construed to mean the taxpayer's "place of business, employment, or the post or station at which he is employed." Mort L. Bixler, supra. There can be no doubt under the facts here presented that Hollywood was the place of business, employment, or the post or station at which Ina Claire Wallace was employed during the portion of 1939 when the living expenses in question were incurred. We do not think that our question here is in any manner affected by the community property laws of the State of California as petitioners argue in their briefs. No question has been raised by the respondent with respect to the treatment of the earnings of either of the petitioners as community income, nor as to petitioners' right to *324 the deduction in computing such community income of any amounts properly allowable under the statute. The fact that San Francisco was the legal residence of petitioners and likewise of the marital community has no bearing on our question. On the facts shown we think that the respondent has properly disallowed the deduction of the amounts in controversy. Decision will be entered for the respondent.