T.C. Summary Opinion 2009-118


UNITED STATES TAX COURT



JESS WILLARD CANTERBURY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 17393-06S.                    Filed July 28, 2009.


Jess Willard Canterbury, pro se.

<u>William F. Barry, Jr.</u>, for respondent.



    ARMEN, <u>Special Trial Judge</u>:  This case was heard pursuant to

the provisions of section 7463 of the Internal Revenue Code in

effect at the time that the petition was filed.[1]  Pursuant to

section 7463(b), the decision to be entered is not reviewable by

_____

    [1]  Unless otherwise indicated, all subsequent section
references are to the Internal Revenue Code in effect for 2003,
the taxable year in issue, and all Rule references are to the Tax
Court Rules of Practice and Procedure.

any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency of $2,768 in petitioner's Federal income tax for 2003.

After the parties' concessions, the issue for decision is whether petitioner is entitled to a deduction of $4,866 for travel expenses under section 162(a)(2). The resolution of this issue turns on whether petitioner's "tax home" was in the New York City metropolitan area (hereinafter, New York) or in or around Jacksonville, Florida (hereinafter, Jacksonville). We hold that petitioner's tax home was in New York and, therefore, that he is not entitled to the deduction in issue.

## Background

Some of the facts have been stipulated, and they are so found. We incorporate by reference the parties' stipulation of facts and accompanying exhibits.

When the petition was filed, petitioner resided in the State of Florida.

In 2003 petitioner began working as a barge mate with Reinauer Transportation Cos., L.L.C. (Reinauer). At that time, and at all relevant times thereafter, petitioner resided in Jacksonville.

As a barge mate, petitioner was responsible for the operation and safety of the barge, including assuring that the

barge was transported in water deep enough to support the barge's draft.

After being offered a job with Reinauer, petitioner reported to New York on January 20, 2003, and proceeded to Reinauer's barge in Brooklyn, where he filled out paperwork for Reinauer and began his first assignment. Petitioner remained employed with Reinauer until sometime in 2005. Petitioner was not required by Reinauer to reside in New York. Throughout 2003, petitioner lived in Jacksonville, where his daughter also lived.

Following petitioner's initial assignment, Reinauer's dispatcher called petitioner to tell him when and where to report to his next assignment. Once notified of his assignment, petitioner reported directly to the barge whether stationed in New York Harbor; Boston, Massachusetts; Portland, Maine; Providence, Rhode Island; or Yorktown, Virginia. When assigned to a barge stationed in New York Harbor, which was the case for most of his assignments,[2] petitioner usually flew to Newark, New Jersey, and took a cab to the barge. The one occasion on which the barge was stationed in Virginia, petitioner drove from Florida to the barge. When petitioner was assigned to a barge

---

[2] Petitioner had 13 assignments during 2003. Six of the assignments originated in New York Harbor; three in Portland, Maine; two in Boston, Massachusetts; one in Yorktown, Virginia; and one assignment, beginning Oct. 10, 2003, did not designate an origin, but the barge floated through the Erie basin en route to Albany, and thus that assignment most likely originated in New York Harbor.

stationed in Maine, Massachusetts, or Rhode Island, Reinauer arranged for petitioner to fly out of Newark; thus, petitioner flew from Jacksonville to Newark in order to board the flight to the barge location.

When the barge was stationed outside New York Harbor, Reinauer made arrangements for or reimbursed petitioner for the cost of his travel from New York to the other port. On the one occasion when petitioner drove directly to the barge from his residence in Florida, Reinauer did not reimburse him for his transportation expenses. Reinauer also did not reimburse petitioner for his expenses in traveling between Jacksonville and New York.

In traveling from his residence in Jacksonville to New York to report to his barge assignments, petitioner incurred airline fares, cab expenses, and tolls of $4,866.

Before working for Reinauer, petitioner worked in Jacksonville as well as in other locations around the country. During 2003 he chose to work for Reinauer in New York because the pay was twice the rate for the same work in Jacksonville. In addition, in New York, a barge mate worked 2 weeks on and 2 weeks off, whereas in Jacksonville a barge mate worked 2 weeks on and only 1 week off.

## Discussion

Generally, expenditures for transportation to and from a taxpayer's workplace are considered personal expenses and are not deductible. Sec. 262; secs. 1.162-2(e), 1.262-1(b)(5), Income Tax Regs. However, travel expenses may be deducted under section 162(a)(2) if they are: (1) Ordinary and necessary; (2) incurred while "away from home"; and (3) incurred in pursuit of a trade or business. Commissioner v. Flowers, 326 U.S. 465, 470 (1946). The reference to "home" in section 162(a)(2) means the taxpayer's "tax home".[3] Mitchell v. Commissioner, 74 T.C. 578, 581 (1980); Foote v. Commissioner, 67 T.C. 1, 4 (1976); Kroll v. Commissioner, 49 T.C. 557, 561-562 (1968).

As a general rule, a taxpayer's principal place of employment is his tax home, not where his personal residence is located, if different from his principal place of employment. Mitchell v. Commissioner, supra at 581; Kroll v. Commissioner, supra at 561-562. An exception to the general rule exists where a taxpayer accepts temporary, rather than indefinite, employment away from his personal residence; in that case, the taxpayer's personal residence may be his tax home. Peurifoy v.

---

[3] The vocational "tax home" concept was first construed by this Court in Bixler v. Commissioner, 5 B.T.A. 1181, 1184 (1927), and has been steadfastly upheld by this Court. See, e.g., Horton v. Commissioner, 86 T.C. 589 (1986); Leamy v. Commissioner, 85 T.C. 798 (1985); Foote v. Commissioner, 67 T.C. 1 (1976); Kroll v. Commissioner, 49 T.C. 557 (1968).

Commissioner, 358 U.S. 59, 60 (1958).  Section 162(a) provides that the taxpayer shall not be treated as being temporarily away from home during any period of employment if such period exceeds 1 year.  Similarly, if a taxpayer does not have a principal place of employment, the courts have determined that his residence may be his tax home.  Johnson v. Commissioner, 115 T.C. 210, 221 (2000).

A taxpayer whose employer does not require him to travel may not deduct transportation expenses, as they are more in the nature of nondeductible personal commuting expenses. Commissioner v. Flowers, supra at 473.  "The exigencies of business rather than the personal conveniences and necessities of the traveler must be the motivating factors."  Id. at 474.

This Court has differentiated between deductible and nondeductible transportation expenses, holding that a riverboat pilot's transportation expenses between his residence and points of assignment and return were nondeductible commuting expenses, whereas transportation expenses attributable to traveling directly from one assignment to another were deductible.  Heuer v. Commissioner, 32 T.C. 947, 953 (1959) (taxpayer commuted from his residence to more than 100 points of assignment and from one assignment to another), affd. 283 F.2d 865 (5th Cir. 1960).  The distance a taxpayer commutes to work, no matter how far, still

represents nondeductible commuting expenses under section 262. Commissioner v. Flowers, supra at 473.

Although the subjective intent of the taxpayer is a factor to be considered in determining tax home for purposes of 162(a)(2), this Court and others have consistently focused on more objective criteria. Foote v. Commissioner, supra at 3-4.

Petitioner contends that his tax home was in Jacksonville, as that was where he maintained a home and resided while he was not working on Reinauer's barges. Respondent argues that petitioner's tax home was not his residence in Jacksonville, but rather in New York at his principal place of employment. We agree with respondent.

In January 2003 petitioner began employment as a barge mate with Reinauer and reported to New York, where he completed paperwork and received his first assignment. Although each assignment typically lasted a fortnight, petitioner remained employed by Reinauer until 2005. Thus, his employment with Reinauer was not temporary within the meaning of section 162(a) in that he was employed for a period in excess of 1 year.

There is ample evidence in the record to support the conclusion that New York was petitioner's principal place of employment. For each assignment, Reinauer's dispatcher called petitioner directly to inform him when and where to report to the

barge for his next assignment, and petitioner reported directly to the designated location. Most of petitioner's assignments originated in New York. If the barge was stationed in New York Harbor, petitioner flew to Newark from Jacksonville to catch the barge. If the barge was north of New York, in Maine, Massachusetts, or Rhode Island, petitioner flew to Newark, boarded another plane, and flew to the location of the barge. Reinauer reimbursed petitioner for his transportation expenses between New York and the northern locations but did not reimburse him for travel between Florida and New York. For the one assignment south of New York, in Virginia, petitioner drove his personal vehicle to the barge at Yorktown and was not reimbursed for such travel. This pattern of reimbursement indicates that petitioner's travel from Florida to New York was regarded by his employer as a home-to-work commute.

Petitioner testified at trial that he took the job with Reinauer because he received more pay for less work. Indeed, he earned twice as much working as a barge mate in New York compared with working in Jacksonville; moreover, following a 2-week work period, petitioner received 2 weeks off rather than only 1 week. Petitioner's daughter also lived in Jacksonville. The rate of pay, the time off, and the proximity to his daughter suggest that it was personal choice and not business exigencies that dictated the decision by petitioner to maintain his residence in

Jacksonville and commute to New York.  See <u>Commissioner v. Flowers</u>, <u>supra</u> at 474.

Consequently, because petitioner's position with Reinauer lasted more than 1 year, and further because most of his assignments originated in New York, his principal place of employment, and therefore his tax home, was in New York for the relevant period.

In conclusion, because petitioner was not "away from home" within the meaning of section 162(a)(2), he is not entitled to a deduction for expenses incurred for traveling between Florida and New York.  Instead, his costs were in the nature of personal expenses for commuting.  We thus sustain respondent's determination on this issue.

Conclusion

We have considered all of the other arguments made by petitioner and, to the extent that we have not specifically addressed them, we conclude that they are without merit.

To reflect our disposition of the disputed issue, as well as the parties' concessions,

Decision will be entered
under Rule 155.